**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 17, 2006**

**TENTH CIRCUIT**

SHANE BURDEN,

  Plaintiff-Appellant,

v.

ROBERT WOOD (20883),
Westminster Police Officer, acting in
his official capacity,

  Defendant-Appellee.

No. 05-1530

(D.C. No. 04-cv-02300-WYD-PAC)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY, McKAY,** and **LUCERO**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore

ordered submitted without oral argument.

Appellant raises three claims under 42 U.S.C. § 1983: (1) police brutality;

(2) "malita assault," which the magistrate judge and district court interpreted as

an excessive force claim; and (3) "abuse of authority," which the magistrate judge

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

and district court interpreted as a claim for false arrest. All three claims arise from Appellant's arrest on June 23, 2004. Appellant makes very few specific allegations in his complaint, but he does claim that Appellee tackled him and repeatedly smashed his head into the ground.

According to the *Martinez* report filed by the government, Appellee was driving an unmarked police vehicle through a parking lot when he saw Appellant run through the lot and hide behind a wood fence. *See* Recommendation of United States Magistrate Judge, Doc. 74 at 2 (D. Colo. Sept. 30, 2005). Appellee approached Appellant, identified himself as a police officer, and observed that Appellant had a bag of white powdery substance which Appellant identified as speed. *Id*. After calling for backup, Appellee and another officer, despite Appellant's resistance, arrested Appellant and took him to the police department for booking. *Id*. at 2-3. Because the arresting officers suspected that Appellant had ingested what Appellant identified as speed, they sent him to a local hospital after booking. *Id*. at 3. According to the *Martinez* report, Appellant did not complain of any injuries when at the hospital. *Id*. Appellant was later convicted of obstructing a police officer in relation to the June 23 arrest. *Id*. at 4.

Appellee filed for summary judgment arguing (1) that the false arrest claim fails under *Heck v. Humphrey*, 512 U.S. 477 (1994), and (2) that he is entitled to qualified immunity on all claims. The magistrate judge recommended that summary judgment be granted on each of Appellant's claims. Recommendation

at 6.  First, the magistrate judge noted that to prevail on a claim for false arrest under *Heck*, a "'plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid' or otherwise called into question by some other tribunal." *Id*. at 4 (quoting *Heck*, 512 U.S. at 486-87).  Because Appellant was ultimately convicted of obstructing a police officer, he cannot pursue this claim.  Second, the magistrate judge also noted that Appellee is entitled to qualified immunity if his actions did not "'violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Id*. at 5 (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)).  Since Appellee has asserted a qualified immunity defense, Appellant must refute this claim.  *See Scull v. New Mexico*, 236 F.3d 588, 595 (10th Cir. 2000).  Appellant has made no effort to rebut Appellee's claim of qualified immunity.

In fact, after filing his § 1983 action, Appellant made little effort to follow up on his obligations to the court.  The magistrate judge set a date for a hearing to resolve Appellee's motion to compel discovery, but Appellant did not appear and the two notices of the hearing sent to Appellant were returned as undeliverable, as was the notice of the magistrate judge's order to compel discovery.  Recommendation at 2.  Appellant never informed the court of a change of address.  *Id*.  Neither did Appellant timely file any objections to the magistrate judge's recommendation.  Order Adopting and Affirming Recommendation of

United States Magistrate Judge, Doc. 75 at 2 (D. Colo. Nov. 1, 2005). The district court reviewed the recommendation for clear error and, finding none, adopted the magistrate judge's recommendation. *Id*. Finally, on November 8, 2005, Appellant filed with the district court what we construe as a motion to reconsider. *See* Order, Doc. 79 at 1 (D. Colo. Nov. 10, 2005). The district court denied Appellant's motion because "[t]he case is now concluded on the merits, and it is too late for Plaintiff to file objections to any action taken by [the magistrate judge]." *Id*.

We have carefully reviewed the briefs of both Appellant and Appellee, the magistrate judge's recommendation, the district court's orders, and the record on appeal. For substantially the same reasons set forth by the magistrate judge in her recommendation and the district court in its orders, we **AFFIRM** the district court's dismissal of Appellant's claims. We **GRANT** Appellant's Motion for Leave to Proceed on appeal Without Prepayment of Costs or Fees, and we remind Appellant of his obligation to continue making payments until the entire fee has been paid.

Entered for the Court


Monroe G. McKay
Circuit Judge

-4-